# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

David Kinsley, Richard Sarkis, Aaron Snyder,
Platinumreps.com, LLC and Ramez Sarkis,

Plaintiffs,

v.

Michael Chambrello,
Matthew Florian,
Richard Gates,
Laurence Gay,
Thomas Panza,
VoiceNet LLC a/k/a "VoiceNet Incorporated"
and BookBundle.com, Inc.

Defendants.

3:03 CV 663 (RNC)

**STIPULATION & REQUEST FOR
ENTRY OF CONSENT JUDGMENT**

Pursuant to the attached *Settlement Agreement and Mutual Release,* dated August _____, 2003 and executed by all of the parties, the undersigned counsel for all of the parties hereby stipulate and agreed to the entry of the accompanying *Final Judgment and Order*, and respectfully request that the Court endorse and enter the same.

This Stipulation may be executed in counterparts and facsimile signatures shall be deemed to be original signatures.

Dated:  October 22, 2003

MCMILLAN CONSTABILE LLP

By: _____
Gary Kyme (ct20430)
Attorneys for Plaintiffs
2180 Boston Post Road
Larchmont, NY 10538
Tel: (914)834-3500
Fax:(914)834-3500

KREVOLIN, ROTH & CONNORS, LLC

By: _____
Stuart M. Roth (ct05307)
Attorneys for Defendants
433 South Main Street, #303
West Hartford, CT 06110
Tel: 860-561-7282
Fax: 860-561-7283

## SETTLEMENT AGREEMENT and MUTUAL RELEASE

This Settlement Agreement and Mutual Release ("Agreement") is made and entered into on August _____, 2003 by and between, David Kinsley, Richard Sarkis, Aaron Snyder, Ramez Sarkis and Platinumreps.com, LLC, a Delaware Limited Liability Company (hereinafter collectively referred to as the "**Plaintiffs**") on the one hand,  and Michael Chambrello, Matthew Florian, Richard Gates,  Laurence Gay, Thomas Panza, VoiceNet LLC a/k/a "VoiceNet Incorporated" and BookBundle.com, Inc., a Delaware Corporation (hereinafter collectively referred to as the "**Defendants**")on the other hand,

WHEREAS, in or about 2000, David Kinsley, Richard Sarkis and Aaron Snyder (hereinafter collectively referred to as "Co-Founders"), conceived of and began development —funded in part by Richard Sarkis' father, Ramez Sarkis— of a web-based, retail business named "BookBundle.com" to sell textbooks to college students, and

WHEREAS, beginning in about the Summer and through the early Fall of 2000, the Co-Founders shared  their concept and business plans for BookBundle.com with Michael Chambrello, Matthew Florian, Richard Gates, Laurence Gay, Thomas Panza, VoiceNet LLC a/k/a "VoiceNet Incorporated" (collectively referred to as "the Investment Group"), and

WHEREAS, in or about February 2001, the plaintiffs entered into an agreement with the Investment Group to form an internet company named BookBundle.com which was memorialized in a document entitled "Memorandum of Understanding" (hereinafter the "MOU"), which among other things, contained provisions describing the distribution of equity between the plaintiffs and the Investment Group and the composition of the Board of Directors of the company, and

WHEREAS, on or about March 19, 2001, one or more members the Investment Group caused a new corporation named BookBundle.com, Inc. to be formed in the state of Delaware, and the Co-Founders and Ramez Sarkis each became stockholders in BookBundle.com, Inc., and each of the Co-Founders worked, at various times, on the development and launch of BookBundle.com, as directors and/or officers and/or  employees and/or agents of BookBundle.com, Inc., and

WHEREAS, following disputes and disagreements between the Co-Founders and the Investment Group, by about November of 2002, each of the Co-Founders had either been terminated or resigned from their positions at BookBundle.com, Inc., and

WHEREAS, the plaintiffs have formed and, collectively, own, control and operate an internet-based business enterprise which, inter alia, markets textbooks and other goods and services to college students using the trade names, and  web-sites with domain names, "Platinumreps.com" and "BookCentral.com", and

WHEREAS, on or about March 20, 2003, on behalf of and at the behest of the Defendants, the law firm of Panza, Maurer & Maynard, P.A. (based in Florida)  transmitted letters (hereinafter the "Cease and Desist Letters") to each of the Co-Founders which stated:

Please be advised that this office represents BookBundle.com, Inc. We

1

are in receipt of a copy of the Memorandum of Understanding which you executed in connection with the formation and funding of our client. You, as co–founders, in connection with the execution of the Memorandum of Understanding, received and came to know certain trade secret, confidential information, and information protected under intellectual property laws of the United States. In addition to common law and statutory duties and responsibilities which you have related to this information, specifically contained within the Memorandum of Understanding are provisions related to confidentiality.

It is our understanding that you have surreptitiously engaged in an international plan to violate the terms of the Memorandum of Understanding, to steal and profit from the trade secret, confidential information, and protected intellectual property which you gained by virtue of participating as co-founders of our client, and have further engaged in activities which can fairly be characterized as intentional and tortious interference with our client's advantageous business relationships. It is also our understanding that you engaged in these activities while falsely representing to our client that you were operating and acting in accordance with your duties and responsibilities under the Memorandum of Understanding.

Your activities in utilizing this confidential and protected intellectual property during the course of forming a competing entity, now known as Platinumreps.com, LLC, constitutes, at a bare minimum, a violation of Connecticut's Uniform Trade Secrets Act, a breach of the Memorandum of Understanding, breach of an implied covenant of good faith in connection with the Memorandum of Understanding, breach of the fiduciary duties created by both the Memorandum and by virtue of your positions as co-founders of our client, theft of intellectual property associated with the concept, creation, marketing, and sales strategies which are protected by federal law, fraud and misrepresentation in connection with the continuing and undisclosed duel roles which you played while surreptitiously starting up your own competing business and, to the extent that you have contacted or plan to contact or utilize any of the information which you learned during the course of your involvement with our client in terms of structure, contacts or marketing, intentional and tortious interference with advantageous business relationships.

You have, quite simply, taken, stolen, and converted for your own purposes and for your own profit the idea, concept, structure and contacts developed through and under the auspices of the Memorandum of Understanding, and have violated the trust, confidence, and fiduciary nature of the relationships which you had heretofore held with our client.

Demand is hereby made upon all of you, and any and all corporations, entities and/or partnerships through which this information has been or is being utilized to immediately cease and desist from all operations in connection therewith. This demand will include the cessation of all operations, the termination/shut down of all websites, marketing relationships, product supply

2

relationships, and any other plan or active aspect of operation in this regard. Further, my client demands a full and complete accounting of all financial aspects of any such operation.

Failure to comply with the terms and conditions of this letter will result in the institution of an action against you for injunctive relief as well as for damages occasioned by your activities in this regard. We will also, by virtue of that litigation, seek information concerning any and all other persons having access to confidential and protected information who utilized that information to the detriment of our client. Those persons will be joined to this litigation and will also be subject to claims for injunctive relief and for damages.

Kindly govern yourselves accordingly.

and

WHEREAS, because they disputed the claims asserted and/or threatened in the Cease and Desist Letters, David Kinsley, Richard Sarkis, Aaron Snyder and Platinumreps.com commenced an action in the United States District Court for the District Court of Connecticut, Docket Number 3:03 CV 663 (RNC), on April 11, 2003 by filing a complaint seeking (A) declaratory and injunctive relief under 28 U.S.C. 2201 and 2202, clarifying and settling the claims and rights of the respective parties to all property claimed by the defendants to be protected under the intellectual property laws of the United States and the Connecticut Uniform Trade Secrets Act (C.G.S.A. §35-51 et. seq.); and (B) monetary damages for fraud, conversion, breach of fiduciary duty, breach of contract and violation of the Connecticut Unfair Trade Practices Act ("CUTPA") (Connecticut General Statutes §42-110a et. seq.) (hereinafter, "the Lawsuit"), and

WHEREAS, the parties hereto wish to resolve their differences amicably without the expense and uncertainty of further litigation;

**NOW, THEREFORE, IT IS AGREED BY AND BETWEEN** the Plaintiffs as well as their present and/or former subsidiaries, affiliates, heirs, successors and assigns, and the Defendants as well as their present and/or former subsidiaries, affiliates, heirs, successors and assigns, is settled upon the following terms and conditions:

(1)    The settlement of the Lawsuit does not constitute an admission of liability on the part of any party. It is the parties' intention that the execution of this Agreement and the attendant disposition of the Lawsuit shall resolve and settle all disputes and potential claims which may now exist between the Plaintiffs and the Defendants, including but not limited to those articulated or raised in the Cease and Desist Letters and/or the Lawsuit. It is agreed that the parties are free to engage in and conduct their respective businesses, in competition with each other, in the manner which they have heretofore done and are presently doing. Without limiting the breadth of the mutual releases contained herein, it is understood and agreed that:

(A)    The prior, present or continued use of any mark, design, logo, slogan, procedure, process, system, method of operation, item or compilation of information, concept, idea or expression thereof by either party or its heirs and assigns, shall not be grounds for any action or claim by either party against the other, including, without limitation, any action or

3

claim under the intellectual property laws of the United States, including but not limited to the Copyright Act, as amended (17 U.S.C. §§101 et seq.); the Lanham Act, as amended (15 U.S.C. §§1051 et se.) or the patent laws (35 U.S.C. §§1 et seq), or arising or existing under the Connecticut Uniform Trade Secrets Act (C.G.S.A. §35-51 et. seq.), and

> (B)     Neither party has a superior right, title or proprietary interest in any knowledge, information, or potential "trade secret" as that phrase is defined in Section 35-51 of the Connecticut Uniform Trade Secrets Act (C.G.S.A. §35-51(d)), which was shared, learned, developed or acquired by either party, in the course of and/or as a result of the parties' prior association during the years 2000 through 2002 in the formation, development, management or control of BookBundle.com, Inc.  Any prior, present or continued use or possession of such information or knowledge by either party does not constitute misappropriation, and shall not provide grounds for any action or claim against either party, including, without limitation, any action or claim for breach of contract, breach of implied covenant of good faith and fair dealing, fraud, conversion, breach of fiduciary duty, or any action or claim under the Connecticut Uniform Trade Secrets Act (C.G.S.A. §35-51 et. seq.).

(2)     **Surrender of Interest in BookBundle.com Inc.**
The Plaintiffs, David Kinsley, Richard Sarkis, Aaron Snyder and Ramez Sarkis, each:

> (A)     Hereby surrender and transfer to BookBundle.com, Inc. all of their right, title and interest in the stock of BookBundle.com, Inc., and will execute whatever documents are reasonably necessary to effectuate such transfer or surrender on the books and records of BookBundle.com, Inc.; and

> (B)     State and reaffirm that they have resigned all directorships, employment, offices and/or with or at BookBundle.com, Inc.

(3)     **Mutual Releases**
Except for and subject to the terms, covenants and obligations described in this Agreement, the Plaintiffs and their present and/or former subsidiaries, affiliates, heirs, successors, assigns and personal representatives, on one hand, and the Defendants and their present and/or former subsidiaries, affiliates, heirs successors and assigns and personal representatives, on the other hand, hereby release and discharge each other, their respective partners, officers, agents, employees, heirs, executors, administrators, successors and assigns, from any claim, cause or right of action, liability, or obligation of any kind, type, or nature, whether presently known or unknown, which each or any of them may have against each other, including, without limitation, all claims arising out of, or in connection with, the subject matter of the Memorandum of Understanding and/or the Cease and Desist Letters and/or the Lawsuit including any counterclaims that could have been asserted, whether permissive or compulsory. This mutual release does not serve to release any party from any of the obligations contained in this Agreement.

(4)     The Defendants represent (A) that BookBundle.com, Inc. has not assigned or transferred any interest in the "trade secret, confidential information, or protected intellectual property" referred to in  the Cease and Desist Letters, and (B) that they have not assigned or otherwise transferred any claim or right of action against any of the Plaintiffs, their successors, heirs, assigns or affiliates to any third party, arising out of, or in connection with, the subject

4

matter of the MOU and/or the Cease and Desist Letters and/or the Lawsuit.  The Defendants, jointly and severally, hereby covenant and agree to indemnify and hold harmless, the Plaintiffs and their successors, heirs, assigns or affiliates, from any claim or action arising out of the subject matter of the MOU and/or the Cease and Desist Letters and/or the Lawsuit, brought by any person whose interest therein derives from an assignment or transfer by the Defendants made contrary to the express representations in this paragraph.

(5)      The Plaintiffs represent (A) that they have not assigned or transferred any equity interest which they have in BookBundle.com, Inc., which , and (B) that they have not assigned or otherwise transferred any claim or right of action against any of the Defendants, their successors, heirs, assigns or affiliates to any third party, arising out of, or in connection with, the subject matter of the MOU and/or the Cease and Desist Letters and/or the Lawsuit. The Plaintiffs, jointly and severally, hereby covenant and agree to indemnify and hold harmless, the Defendants and their successors, heirs, assigns or affiliates, from any claim or action arising out of the subject matter of the MOU and/or the Cease and Desist Letters and/or the Lawsuit, brought by any person whose interest therein derives from an assignment or transfer by the Plaintiffs made contrary to the express representations in this paragraph.

(6)      The Defendants will not prosecute or assert any claim or action against any other person or entity for liability for any acts or omissions of the Plaintiffs and their present and/or former subsidiaries and affiliates, arising out of, or in connection with, the subject matter of the MOU and/or the Cease and Desist Letters and/or the Lawsuit.

(7)      The Plaintiffs will not prosecute or assert any claim or action against any other person or entity for liability for any acts or omissions of the Defendants and their present and/or former subsidiaries and affiliates, arising out of, or in connection with, the subject matter of the MOU and/or the Cease and Desist Letters and/or the Lawsuit.

(8)      **Disposition of the Lawsuit**

(A)      For purposes of fully effectuating this Agreement, the undersigned Ramez Sarkis shall be joined as a Plaintiff in the Lawsuit, and the caption shall be amended accordingly;

(B)      The Defendants' motion to dismiss is hereby withdrawn.  For purposes of this Lawsuit only, each of the parties consents to the jurisdiction of United States District Court for the District Court of Connecticut; and

(C)      The parties hereby consent and agree to entry of a judgment in the form annexed hereto.

(9)      **Signatures**

(A)      The respective persons executing this Agreement on behalf of each of the parties hereto hereby warrants and represents that he or she has the authority to execute this Agreement on behalf of the respective parties hereto, and that the same shall hereby become legally binding upon such party.

5

(B)     This Agreement may be executed simultaneously in facsimile counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same original.

(10)     This Agreement is the product of arms' length negotiations between the parties, and none of the parties shall be deemed the draftsman hereof or shall have any term herein construed against it by virtue of being or being deemed to be the draftsman thereof.

IN WITNESS WHEREOF, the undersigned have executed this Agreement the day, month and year first written above.

**BookBundle.com, Inc.**                          **Platinumreps.com, LLC**


By: _____          By: _____
Title: President                                              Richard Sarkis, Member



_____               _____
    Michael Chambrello                                 David Kinsley



_____               _____
    Matthew Florian                                        Richard Sarkis



_____               _____
    Richard Gates                                           Aaron Snyder



_____               _____
    Laurence Gay                                            Ramez Sarkis



_____
    Thomas Panza

VoiceNet LLC a/k/a "VoiceNet Incorporated"


By: _____

Title: _____


6

(B)    This Agreement may be executed simultaneously in facsimile counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same original.

(10)    This Agreement is the product of arms' length negotiations between the parties, and none of the parties shall be deemed the draftsman hereof or shall have any term herein construed against it by virtue of being or being deemed to be the draftsman thereof.

IN WITNESS WHEREOF, the undersigned have executed this Agreement the day, month and year first written above.

**BookBundle.com, Inc.**

By: _____
Title: President

_____
Michael Chambrello

_____
Matthew Florian

_____
Richard Gates

_____
Laurence Gay

_____
Thomas Panza

**Platinumreps.com, LLC**

By: _____
Richard Sarkis, Member

_____
David Kinsley

_____
Richard Sarkis

_____
Aaron Snyder

_____
Ramez Sarkis

**VoiceNet LLC a/k/a "VoiceNet Incorporated"**

By: _____
Title: Mnsov

6

State of Connecticut

County of Hartford }  ss:

On August October 7, 2003 before me came Matthew Florian, to me known, and he duly acknowledged that he is the President of BookBundle.com, Inc., that he was authorized to and did sign same on behalf of said corporation.

_____
Notary Public          mac 5/31/04

State of _____ }
County of _____ }  ss:
                                    }

On August ____, 2003 before me came Michael Chambrello, to me known, and he duly acknowledged and signed same.

_____
Notary Public

State of Connecticut }
County of Hartford }  ss:
                     }

On August October 7, 2003 before me came Matthew Florian, to me known, and he duly acknowledged and signed same.

_____
Notary Public          mac 5/31/04

State of _____ }
County of _____ }  ss:
                                    }

On August ____, 2003 before me came Richard Gates, to me known, and he duly acknowledged and signed same.

_____
Notary Public

State of _____ }
County of _____ }  ss:
                                    }

On August ____, 2003 before me came Laurence Gay, to me known, and he duly acknowledged and signed same.

_____
Notary Public

7