UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| David Kinsley, Richard Sarkis, Aaron Snyder, Platinumreps.com, LLC and Ramez Sarkis,<br><br>Plaintiffs,<br><br>v.<br><br>Michael Chambrello,<br>Matthew Florian,<br>Richard Gates,<br>Laurence Gay,<br>Thomas Panza,<br>VoiceNet LLC a/k/a "VoiceNet Incorporated"<br>and BookBundle.com, Inc.<br><br>Defendants. | FILED<br>2003 OCT 30  P 1: 22<br><br>3:03 CV 663 (RNC)<br><br><br><br>**FINAL ORDER AND<br>JUDGMENT** |

WHEREAS, the plaintiffs commenced an action in the United States District Court for the District Court of Connecticut, Docket Number 3:03 CV 663 (RNC), on April 11, 2003 by filing a complaint seeking (A) declaratory and injunctive relief under 28 U.S.C. 2201 and 2202, clarifying and settling the claims and rights of the respective parties to all property claimed by the defendants to be protected under the intellectual property laws of the United States and the Connecticut Uniform Trade Secrets Act (C.G.S.A. §35-51 et. seq.); and (B) monetary damages for fraud, conversion, breach of fiduciary duty, breach of contract and violation of the Connecticut Unfair Trade Practices Act ("CUTPA") (Connecticut General Statutes §42-110a et. seq.) (hereinafter, "the Lawsuit"); and

WHEREAS, by motion dated June 11, 2003, the defendants moved, pre-answer, to dismiss the complaint on the ground that there is a lack of jurisdiction over the subject matter of this lawsuit; and

WHEREAS, the defendants have withdrawn their motion to dismiss, and the parties have waived all objections to the jurisdiction of this Court; and

-1-

WHEREAS, the parties have executed and filed a written settlement agreement entitled "Settlement Agreement and Mutual Release", dated August___, 2003, consenting to the entry of this Final Judgment and Order.

Now, on the joint motion of the attorneys for the plaintiffs and the attorneys for the defendants it is hereby:

ORDERED, ADJUDGED, DECREED AND DECLARED, Ramez Sarkis is joined as a plaintiff in this action, and the caption is amended accordingly; and it is further

ORDERED, ADJUDGED, DECREED AND DECLARED, the prior, present or continued use of any mark, design, logo, slogan, procedure, process, system, method of operation, item or compilation of information, concept, idea or expression thereof by either party or its heirs and assigns, shall not be grounds for any action or claim by either party against the other, including, without limitation, any action or claim under the intellectual property laws of the United States, including but not limited to the Copyright Act, as amended (17 U.S.C. §§101 et seq.); the Lanham Act, as amended (15 U.S.C. §§1051 et se.) or the patent laws (35 U.S.C. §§1 et seq), or arising or existing under the Connecticut Uniform Trade Secrets Act (C.G.S.A. §35-51 et. seq.); and it is further

ORDERED, ADJUDGED, DECREED AND DECLARED, that neither party has a superior right, title or proprietary interest in any knowledge, information, or potential "trade secret" as that phrase is defined in Section 35-51 of the Connecticut Uniform Trade Secrets Act (C.G.S.A. §35-51(d)), which was shared, learned, developed or acquired by either party, in the course of and/or as a result of the parties' prior association during the years 2000 through 2002 in the formation, development, management or control of BookBundle.com, Inc. Any prior, present or continued use or possession of such information or knowledge by either party does not constitute misappropriation, and shall not provide grounds for any action or claim against either party, including, without limitation, any action or claim for breach of contract, breach of implied covenant

of good faith and fair dealing, fraud, conversion, breach of fiduciary duty, or any action or claim under the Connecticut Uniform Trade Secrets Act (C.G.S.A. §35-51 et. seq.); and it is further

ORDERED, ADJUDGED, DECREED AND DECLARED, that terms of Settlement Agreement and Mutual Release executed by the parties are hereby approved and incorporated by reference herein, and that this Court shall retain jurisdiction over the interpretation, implementation or consummation of the terms of the Settlement Agreement and Mutual Release.

ENTER

Hon. Robert N. Chatigny, U.S.D.J.